UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-5381-AB (SKx) | Date | January 30, 2026 |
|---|---|---|---|
| Title | Kamal Banki v. Wells Fargo Bank, N.A. | | |

| Present: The Honorable | Steve Kim |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:**        (IN CHAMBERS) **ORDER TO SHOW CAUSE**

After accepting the parties' joint request for a settlement conference—and reserving February 4, 2026 for that conference—the court ordered the parties on November 18, 2025 to do at least two things ahead of time. (ECF 18). First, no later than three weeks before the scheduled conference, the parties were ordered to "exchange, in good faith, formal offers and counteroffers in writing." (*Id.* at 4). Second, no later than one week before the conference, the parties were ordered to submit ex parte, in camera confidential settlement conference statements with information critical to settlement—including a "detailed summary of the proposals—formal and informal—that have been exchanged by the parties starting no later than three weeks before the conference, as ordered." (*Id.* at 5). The parties were warned that the "failure of any party or attorney to comply strictly" with the requirements of the court's order "may result in sanctions" to include "the fees and costs expended by the other parties in preparing for and attending" the conference. (*Id.* at 5-6).

As of this order, however, the court has received no settlement conference statement from plaintiff Kamal Banki. Worse, the court's clerk recently sent a courtesy email to all the parties reminding them of the deadline to submit the ordered settlement conference statements. (The clerk also asked for email addresses of the parties and counsel who would be participating in the remote conference, but as of this order, plaintiff hasn't provided that information either.)

For all these reasons, plaintiff and his counsel are ORDERED TO SHOW CAUSE <u>in person</u> at **10 AM** on **February 4, 2026** in **Courtroom 540** of the Roybal Federal Building and United States Courthouse (255 East Temple Street, Los Angeles, California 90012) why plaintiff or his counsel (or both) should not be monetarily sanctioned for the actual reasonable attorney fees (and costs, if any) incurred by defendant Wells Fargo Bank to prepare its settlement conference statement. Local counsel for defendant may appear in person; pro hac

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-5381-AB (SKx) | Date | January 30, 2026 |
|---|---|---|---|
| Title | Kamal Banki v. Wells Fargo Bank, N.A. | | |

vice counsel for defendant may appear by Zoom along with the client representative as originally ordered.

If for any reason, plaintiff has decided not to pursue this case, he may discharge this show-cause order—and be excused (along with his counsel) from making any personal appearances on February 4 at 10 AM in Courtroom 540—by filing a notice or stipulation of voluntary dismissal under Rule 41 by no later than 5 PM PT on February 2, 2026.  Otherwise, failure to appear in person as ordered, or to otherwise comply with this order, may lead to additional monetary sanctions or involuntary dismissal for failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1, 41-5.  Meanwhile, the court reserves the right to vacate the settlement conference at any time—including on the morning of February 4, 2026—if a party or counsel violates this court's orders, including the requirement to negotiate settlement in good faith (as described in the court's settlement conference order), which means more than merely showing up and expecting favorable results.

IT IS SO ORDERED.

cc: AB Chambers